Solomon S. Miller, apellant, *vs.* David French, appellee.

Fees for services, as a justice of the peace, are proper subjects of book charge, and may be recovered in an action on book account.

THIS was an action on book account, in common form.

The defendant, after praying *oyer* of the plaintiff's book, demurred to the plaintiff's declaration and account read to him on *oyer,* and for special causes of demurrer, he set down the following, *to wit. First.* That the charges for money in the said account are not proper charges on book: *second,* that the charges for justice's fees are improper charges on book; and *third,* that the said fees do not amount to the sum of $100, and

Chittenden,
December,
1825.

Miller
vs.
French.

are within the jurisdiction of a justice of the peace, and not within the jurisdiction of the county court.

The account set forth on *oyer* exhibited sundry charges for services as a justice of the peace, amounting in the whole to                                                                              $77,75

One item for executions issued on sundry
  judgments before charged at 25 cts.        (*blank*)
And two items for cash lent, amounting to         ·    685,00

*Adams*, in support of the demurrer.    No part of the account is properly chargeable on book.    Book account, as well as the action of account, implies some privity between the parties; and hence, whatever is done in the usual and customary business between men, may be charged.    The principles, however, which regulate these suits, have been carried to the utmost limits. The evidence properly admissible arises from the necessity of the case, as where men make daily records of such things as are done in their common and ordinary business.    That money can be charged in any case, may be doubted.    Men usually take some receipt or note for it.    But that it can be charged alone, or in such sums as is here claimed, where it is evident that it is unusual, cannot be admitted.    The same objection is applicable to the fees.    They are wholly an unusual charge, and not required, because better evidence is always at hand.

But, if the charges for fees should be allowed, they do not surmount the jurisdiction of a justice, of which the court will take notice, and dismiss the *suit*.

*Thompson*, rose to reply, but was stopped by the court; and their opinion was delivered by

SKINNER, Ch. J.    The defendant insists, that the charges on the book for money, are improper and illegal; that the charges for services as a justice of the peace are also improper; and that, if proper, they do not amount to 100 dollars, and are, of course, within the jurisdiction of a justice of the peace.— Whether money can be recovered in this form of action, to the amount here charged, may be doubted; but the only question necessary for the Court to decide in the case is, whether fees for services rendered as a justice of the peace may be charged and recovered in an action on book account: for it is evident from the record, that the fees charged amount to more than 100 dollars; of course, exceed the jurisdiction of a justice of the peace.    The charge for the writs of execution, at 25 cts. each, is well enough; although the whole amount is not specified; reference being made to the judgments.    No precise rule has been, or can be adopted, as to what may be charged on book. Perhaps it would have been more correct, and certainly more safe, to have restricted the action on book, to such demands as consist of services rendered, or personal chattels delivered, without any special contract between the parties; and where, according to the usual course of deal, no other evidence, than the oath of the parties, is presumed to exist.    This, however,

would be opposed to the usage that has obtained in the state, if not to the course of judicial decisions.  Damages for breach of contract, or for *tort*, cannot be recovered in this form of action ; nor can money, paid to be applied upon a note of hand or other contract, though the application has not been made : nor can this action be sustained for rents, or for the use and occupation of lands.

It has been usual for justices of the peace to charge upon book, official services of every description, and to maintain actions for the recovery ; and, although other evidence than the oath of the party, can be generally had in such cases, yet in some, the evidence is out of the reach of the magistrate, and no distinction has been taken on that account, nor has any evil resulted from this course of practice.

Judgment—declaration sufficien t.

*J. C. Thompson* and *Chauncey Brownell*, for the plaintiff.
*Charles Adams*, for the defendant.